IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRIAN D. GRANBERRY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-3715 |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

Tyrian D. Granberry ("Granberry" or "Plaintiff") seeks review, pursuant to 42 U.S.C.

§ 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying his

claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[1]

For the reasons set forth below, Granberry's case will be dismissed for failure to prosecute.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Granberry was born on May 9, 1976. R. at 128.[2]  He has at least a high school education

and is able to communicate in English.  Id.  Granberry protectively filed for SSI on January 22,

2016.  Id. at 120.  His application was initially denied on July 26, 2016.  Id.  Granberry then filed

a written request for a hearing on August 4, 2016.  Id.  A hearing before an Administrative Law

Judge ("ALJ") was held on March 30, 2018.  Id.  On June 6, 2018, the ALJ issued an opinion

determining that Granberry was not disabled.  Id. at 117-33.  Granberry filed an appeal with the

Appeals Council on July 2, 2018.  Id. at 193.  On February 1, 2019, the Appeals Council denied

---

[1]    In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. See Doc. No. 4.

[2]    Citations to the administrative record will be indicated by "R." followed by the page number.

Granberry's request for review, thereby affirming the decision of the ALJ as the final decision of the Commissioner.  Id. at 1-6.

After receiving an extension of time to file a civil action, see id. at 10, Granberry filed a Complaint with this Court appealing the Commissioner's final decision on August 16, 2019. Doc. No. 2.  Also, on August 16, 2019, Granberry filed a motion for appointment of counsel. Doc. No. 3.  The undersigned granted Granberry's application to proceed in forma pauperis and deemed his Complaint filed on August 20, 2019.  Doc. No. 6.  The undersigned also granted Granberry's motion for appointment of counsel on August 21, 2019, and the Clerk of Court was directed to attempt to appoint counsel from the Court's Attorney Panel for Pro Se Plaintiffs in Social Security Cases (the "Panel") by placing this case on the Court's extranet site for review by attorneys who are members of the Panel.  Doc. No. 8.  On October 24, 2019, after having been informed by the Chairman of the Panel that Granberry failed to respond to three attempts to contact him from an attorney who was considering undertaking his representation, this Court entered an order removing the case from the Panel and informing Granberry that he must represent himself if he sought to proceed with this case.  Doc. No. 11.  A Scheduling Order was subsequently entered, see Doc. No. 12, and on October 29, 2019 and October 31, 2019, the Commissioner filed an Answer to Granberry's Complaint and a copy of the Administrative Record, respectively.  Doc. Nos. 13 & 14.  Pursuant to the Scheduling Order, Granberry had 45 days from when the Commissioner served and filed the Answer and the Administrative Record within which to file his "Brief and Statement of Issues in Support of Request for Review."  See Doc. No. 12.  Having received no filings from Granberry, the undersigned entered an Order on September 1, 2020, directing Granberry to show cause why this matter should not be dismissed for lack of prosecution.  Doc. No. 15.  The Order gave Granberry 45 days in which to either:

(1) file and serve his Brief and Statement of Issues in Support of Request for Review; or

(2) show cause in writing why this action should not be dismissed for failure to prosecute.  Id.

The Order explicitly informed Granberry that failure to comply would result in dismissal of this

action for failure to prosecute.  Id.  To date, Granberry has not filed a brief, or otherwise

responded to the Order.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "if the

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move

to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  This Rule has been

interpreted to permit a district court to dismiss an action sua sponte.  See Shields v. Comm'r of

Soc. Sec., 474 F. App'x 857, 858 (3d Cir. 2012).  Dismissal for failure to prosecute may be

appropriately invoked only after analyzing six factors: (1) the extent of the party's personal

responsibility; (2) the prejudice to the adversary caused by plaintiff's conduct; (3) the history of

dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative

sanctions; and (6) the meritoriousness of the claim.  Poulis v. State Farm Fire & Cas. Co., 747

F.2d 863, 868 (3d Cir. 1984).  No single Poulis factor is determinative and dismissal may be

appropriate even if some of the factors are not met.  See Shields, 474 F. App'x at 858.  "There is

no 'magic formula' or 'mechanical calculation' for balancing the Poulis factors, and a District

Court need not find all of the factors satisfied in order to dismiss a complaint."  Qadr v.

Overmyer, 642 F. App'x 100, 102-03 (3d Cir. 2016) (citing Briscoe v. Klaus, 538 F.3d 252, 262-

63 (3d Cir. 2008)).

Here, the majority of the Poulis factors weigh in favor of dismissing this case.  In

analyzing the first <u>Poulis</u> factor, the delay in prosecuting this case can be attributed to Granberry personally.  Granberry has had approximately one year to file a supporting brief, but he has not done so.  <u>See, e.g.</u>, <u>Muhammad v. Court of Common Pleas of Allegheny County</u>, 532 F. App'x 106, 108 (3d Cir. 2013) (concluding that the first <u>Poulis</u> factor weighed against the plaintiff because "a pro se litigant [] is solely responsible for the progress of his [or her] case") (internal quotation marks and citations omitted).  Similarly, the second and third <u>Poulis</u> factors, prejudice to the adversary caused by Granberry's conduct and a history of dilatoriness, weigh in favor of dismissal of this action.  Granberry's failure to file a supporting brief has caused prejudice to the Commissioner, who has been unable to move the case any closer to resolution.  Further, Granberry's lack of substantive action since this case was filed, as well as a failure to respond to repeated attempts to contact him from an attorney on the Panel, demonstrate a history of dilatoriness.  With respect to the fourth factor, it is not clear that Granberry's failure to prosecute stems from willfulness or bad faith.  However, with respect to the fifth factor, the effectiveness of sanctions other than dismissal, cases construing <u>Poulis</u> agree that in matters involving a pro se plaintiff proceeding in forma pauperis who fails to comply with court orders, alternative sanctions are not effective.  <u>See, e.g.</u>, <u>Briscoe</u>, 538 F.3d at 262-63.  The final <u>Poulis</u> factor, meritoriousness of the claims, cannot be evaluated because Granberry never filed a brief. Therefore, this factor does not work in Granberry's favor to avoid dismissal.

Accordingly, the <u>Poulis</u> factors weigh in favor of dismissing this action for a failure to prosecute.

**III.    <u>CONCLUSION</u>**

For the reasons set forth above, this action is dismissed for a failure to prosecute.  An appropriate Order follows.

4

Dated: November 24, 2020

BY THE COURT:


_/s/ Marilyn Heffley_
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE